UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT M. RISE,

                Petitioner,

    v.

PATRICK GLEBE,

                Respondent.

CASE NO. C14-1218 MJP

ORDER ADOPTING REPORT AND
RECOMMENDATION

THIS MATTER comes before the Court on Petitioner Robert M. Rise's Motion for an

Extension of Time to File Typewritten Objections (Dkt. No. 29) and Petitioner's Objections to

the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate

Judge.  (Dkt. Nos. 28, 29-1.)   Having considered Petitioner's Motion and Objections, the Report

and Recommendation, and the related record, the Court hereby GRANTS Petitioner's Motion for

an Extension of Time, and ADOPTS the Report and Recommendation.  The Court DENIES

Petitioner's habeas petition and DISMISSES this action with prejudice.  A certificate of

appealability is GRANTED with respect to Petitioner's (1) ineffective assistance of counsel

claim that his trial counsel erroneously advised him of his sentencing exposure, and (2)

1  prosecutorial misconduct claim that the prosecutor improperly vouched for the credibility of the

2  victim's testimony.  A certificate of appealability with respect to all other grounds asserted by

3  Petitioner in his habeas petition is DENIED.

4  **Background**

5  Petitioner raises five objections the Report and Recommendation: (1) Petitioner's right to

6  a fair trial, guaranteed by the Fourteenth Amendment, was violated by a negligent and biased

7  investigation; (2) Petitioner's Sixth Amendment right to effective assistance of counsel was

8  violated when trial counsel failed to inform him of his actual sentencing exposure and failed to

9  obtain expert witnesses; (3) Petitioner's Fourteenth Amendment right to a fair trial was violated

10  when the trial court abused its discretion by admitting testimony under the "fact of complaint"

11  exception and under ER 404(b); (4) Petitioner's Fourteenth Amendment right to a fair trial was

12  violated due to prosecutorial misconduct during closing arguments; and (5) the cumulative effect

13  of the trial errors deprived Petitioner of his right to a fair trial.  (Dkt. No. 29-1 at 2.)  These are

14  the same grounds for relief raised by Petitioner in his habeas petition and considered by Judge

15  Donohue in the Report and Recommendation.  (Dkt. No. 27 at 3.)

16  **Discussion**

17  I.      Legal Standard

18  Under Fed. R. Civ. P. 72, the Court must resolve de novo any part of the Magistrate

19  Judge's Report and Recommendation that has been properly objected to and may accept, reject,

20  or modify the recommended disposition.  Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. §

21  636(b)(1).

22  /

23  /

24  /

II.     Petitioner's Objections to the Report and Recommendation

        A.     Procedural Default

Judge Donohue found Petitioner failed to properly exhaust several of his claims, and concluded that they are now procedurally defaulted: Petitioner's third ground for relief (testimony under the "fact of complaint" exception and under ER 404(b)); sub-claims (b) and (c) of Petitioner's fourth ground for relief (prosecutorial misconduct); and Petitioner's fifth ground for relief (cumulative error), to the extent it is based on other procedurally defaulted claims. (Dkt. No. 27 at 4-12.)  Petitioner requests that the Court consider these issues properly exhausted.  (Dkt. No. 29-1 at 11-15.)

The Court agrees with Judge Donohue's conclusion that these grounds for relief were not properly exhausted and are now procedurally defaulted.  While Petitioner may disagree with Judge Donohue's conclusion, his Objections reiterate the same arguments already considered and rejected, and do not show error in the Report and Recommendation.  The Court adopts the Report and Recommendation as to these issues.

        B.     Ground One: Negligent and Biased Investigation

Judge Donohue found that Petitioner's first ground for relief did not raise a colorable federal claim because the state court decision was not contrary to clearly established Supreme Court precedent and Petitioner did not establish that it was based on an unreasonable determination of the facts.  (Dkt. No. 27 at 13-14.)   Petitioner disagrees with Judge Donohue's determination and urges the Court to conclude that the state court decision was contrary to Petitioner's right to due process and unreasonable based on the facts presented.  (Dkt. No. 29-1 at 4-7.)

1    The Court agrees with Judge Donohue's determination.  Petitioner has not identified a

2    Supreme Court decision contrary to the state courts' decisions here.  While Petitioner identifies

3    five factual conclusions he disagrees with, he does not establish by clear and convincing

4    evidence that the state courts' interpretation of the facts was unreasonable.  The Court adopts the

5    Report and Recommendation as to this issue.

6                    C.    Ineffective Assistance

7    Judge Donohue found that Petitioner's ineffective assistance of counsel claim had been

8    reasonably rejected by the state courts, and thus recommended denial of Petitioner's second

9    ground for relief.  (Dkt. No. 27 at 15-25.)  Petitioner argues his Sixth Amendment right to

10   effective representation of counsel was violated by his counsel's failure to properly inform him

11   about his sentencing exposure, thereby depriving him of the opportunity to meaningfully accept

12   or reject the plea bargain process.  (Dkt. No. 29-1 at 7-10.)  Petitioner argues his Sixth

13   Amendment right was further violated when his counsel failed to retain an expert witness.  (Id. at

14   10-11.)

15   While Petitioner's proposed rule is not without merit, it is not clearly established federal

16   law as determined by the United States Supreme Court, and the state court's rejection of

17   Petitioner's argument was reasonable.  The crux of the dispute is whether or not Petitioner can

18   establish prejudice resulting from his counsel's erroneous sentencing advice.  Petitioner argues

19   that had he been properly informed about his sentencing exposure, he would not have risked

20   going to trial and instead would have pursued a plea deal with the prosecutor.  (Dkt. No. 29-1 at

21   7-10.)  Judge Donohue found that Petitioner's claim was reasonably rejected by the state courts

22   because there is no evidence in the record that the prosecutor ever made a plea offer, or was

23   interested in making a plea offer.  The state courts found Petitioner could not establish that he

24

ORDER ADOPTING REPORT AND
RECOMMENDATION- 4

1    would have accepted a more favorable plea deal absent ineffective assistance because there was

2    no plea offer to accept.  While Petitioner argues persuasively that the vast majority of criminal

3    cases end in a guilty plea of some sort, and that it is likely some sort of plea offer would have

4    been made and entertained absent ineffective assistance in his case, the state courts' prejudice

5    finding was reasonable, especially in light of the Supreme Court's opinion in <u>Lafler v. Cooper</u>,

6    132 S. Ct. 1376, 1385-87 (2012).  Where no plea offer is made, Petitioner cannot demonstrate he

7    would have accepted a plea more favorable than the sentence he received after trial, and

8    therefore is not entitled to relief on this ground.

9            The Court also agrees with Judge Donohue's conclusion regarding retaining an expert

10   witness.  Judge Donohue found that Petitioner failed to show that the state courts unreasonably

11   applied federal law in concluding there was no evidence of prejudice resulting from counsel's

12   failure to retain an expert.  (Dkt. No. 27 at 23-24.)  Petitioner argues he was prejudiced because

13   the availability of an expert witness was the main factor in his decision to proceed to trial.  (Dkt.

14   No. 29-1 at 10-11.)  As discussed above, however, without evidence that the prosecution ever

15   made, or was interested in making, a plea offer, Petitioner cannot demonstrate that ineffective

16   assistance is what caused him to proceed to trial.

17           The Court finds that Petitioner's ineffective assistance claim was reasonably rejected by

18   the state courts, and therefore adopts the Report and Recommendation as to these issues.

19                   D.      Prosecutorial Misconduct

20           Judge Donohue found that Petitioner's fourth ground for relief, prosecutorial misconduct

21   in the form of vouching for the victim's credibility during closing arguments, failed because after

22   consideration of the record as a whole, it cannot be said that the alleged incidents of misconduct

23   denied Petitioner a fair trial in violation of his right to due process or that the state courts'

24

1   rejection of Petitioner's prosecutorial misconduct claim was unreasonable.  (Dkt. No. 27 at 25-

2   30.)  Although Petitioner takes issue with Judge Donohue's conclusion that other portions of his

3   prosecutorial misconduct claim are procedurally defaulted, Petitioner does not address or

4   specifically object to Judge Donohue's findings with regards to the prosecutor allegedly

5   vouching for the victim's credibility.  (Dkt. No. 29-1 at 12-14.)

6           The Court agrees with Judge Donohue's conclusion on this claim.  Petitioner makes no

7   showing that the conclusions of the state courts are contrary to, or are unreasonable application

8   of, federal law as established by the United States Supreme Court.  The Court adopts the Report

9   and Recommendation as to this issue.

10                          E.       Cumulative Error

11          Judge Donohue found that Petitioner had not established any constitutional error arising

12  out of his claims, and therefore there is nothing to accumulate to the level of a constitutional

13  violation in the form of cumulative error.  (Dkt. No. 27 at 30.)  Petitioner argues that the state

14  courts' conclusion that there is no cumulative error where there is no error at all is contrary to

15  clearly established federal law.  (Dkt. No. 29-1 at 14-15.)

16          The Court agrees with Judge Donohue's conclusion.  Petitioner is correct that the

17  cumulative effect of multiple errors—no single one of which in isolation is sufficiently

18  prejudicial so as to warrant reversal—can deny a defendant his right to a fair trial.  See Mancuso

19  v. Olivarez, 292 F.3d 939, 957 (9th Cir. 2002).  Where there is no error, however, "there is

20  nothing to accumulate to a level of a constitutional violation."  Id.  Here, there is no

21  constitutional error by the state courts, and no cumulative error deprived Petitioner of his due

22  process right to a fair trial.  The Court adopts the Report and Recommendation as to this issue.

23  /

24

1

**Conclusion**

2        The Court GRANTS Petitioner's Motion for an Extension of Time and ADOPTS the

3  Report and Recommendation of the Honorable James P. Donohue.  The Court DENIES

4  Petitioner's habeas petition and DISMISSES this action with prejudice.  A certificate of

5  appealability is GRANTED with respect to Petitioner's (1) ineffective assistance of counsel

6  claim that his trial counsel erroneously advised him of his sentencing exposure, and (2)

7  prosecutorial misconduct claim that the prosecutor improperly vouched for the credibility of the

8  victim's testimony.  A certificate of appealability is DENIED with respect to all other grounds

9  asserted by Petitioner in his habeas petition.

10

11        The clerk is ordered to provide copies of this order to all counsel and to Judge Donohue.

12

13        Dated this 14th day of August, 2015.

14

15

16                                    _____

17                                    Marsha J. Pechman
                                      Chief United States District Judge

18

19

20

21

22

23

24